Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Patrice Scott, Individually and
On Behalf of All Others Similarly Situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrice Scott, On Behalf of Herself and All Others Similarly Situated<br><br>Plaintiff,<br>     v.<br><br>Kimball, Tirey & St. John LLP, and DOES 1-10, INCLUSIVE<br><br><br>Defendants. | Case No.<br><br>**Plaintiff's Class Action Complaint**<br><br>**(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.;**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Patrice Scott, by and through her attorney, Law Office of Andrew P Rundquist, in her claim for damages against Defendant Kimball, Tirey & St. John LLP ("Kimball").

## I.    INTRODUCTION

1.    This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Congress intended the

FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.    JURISDICTION

2.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.      This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III.    VENUE

4.      Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.    PARTIES

5.      Plaintiff Patrice Scott is a natural person residing in Orange County, California and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Laguna Serrano, LLC (hereinafter "debt").

**Kimball, Tirey & St. John LLP**

6.      Plaintiff is informed and believes Defendant Kimball, Tirey & St. John LLP

is and was at all relevant times a California limited liability partnership, or "LLP" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.    Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendants.

8.    At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

9.    Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V.  FACTUAL ALLEGATIONS

<u>Identifying and Demanding Payment on Behalf of Non-Existent Creditor</u>.

10.     Previously pending in Orange County Superior Court was the matter titled Frost Management Corporation vs. Patrice Scott assigned court file # 05SL01755 ("Debt Collection Action") regarding purported unpaid rent.  At all relevant times, Defendant has been and remains the attorney of record on behalf of FROST MANAGEMENT CORPORATION.

11.     In the Debt Collection Action, Defendant had previously obtained a judgment on behalf of its client FROST MANAGEMENT and at all relevant times, FROST MANAGEMENT remained the Judgment Creditor.

12.     The unpaid rent for which FROST MANAGEMENT hired Defendant to collect from Plaintiff is a "debt" as understood, defined and used in the FDCPA, 15 U.S.C. § 1692a(5).

13.     The complaint filed in the Debt Collection Action and all of the subsequently filed documents identifies FROST MANAGEMENT CORPORATION as the plaintiff and judgment creditor as well as the entity to which the alleged debt is owed.

14.     On or about August 24th, 2018 Defendant dispatched a demand letter to Plaintiff which stated

> Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC
> Property Address: 30001 Golden Lantern #5, Laguna Niguel, CA 92677
> Case No. 05SL01755 – Central Justice Center
> Current Balance Due: $18530.63

15.      Defendant's August 24th, 2018 Demand Letter stated

> As you are aware from our previous correspondence, our client has forwarded this account to our office for collection.

16.     Defendant's August 24th, 2018 Demand Letter stated

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used solely for that purpose. This letter was sent by the undersigned debt collector who is not an attorney.  Although this letter is from a law firm, this particular matter may not have been reviewed by an attorney.

17.     Defendant's August 24th, 2018 Demand Letter stated

Our client has forwarded this account to us for collection.  The following section contains a breakdown of the balance due.

18.     Defendant's August 24th, 2018 Demand Letter included the mandatory disclosures required by the FDCPA 15 U.S.C. § 1692g(a) to be provided within 5 days of the initial communication, or within the initial communication; to wit:

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose. This debt will be assumed to be valid by this office unless you notify us within 30 days of receipt of this letter that you dispute all or part of the debt.  If you notify this office in writing within this same 30-day period, we will send you verification of this debt.  Upon written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

19.     Defendant's August 24th, 2018 Demand Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and "debt collection" as defined by 15 U.S.C. § 1692a(2).

20.     In its August 24th, 2018 Demand Letter, Defendant identified a non-existent company called "LAGUNA SERRANO, LLC", instead of FROST MANAGEMENT, who was the proper Plaintiff and Judgment Creditor.

21.     Plaintiff does not owe money to LAGUNA SERRANO, LLC.

22.     Defendant's August 24th, 2018 communication to Plaintiff stating she owes money to LAGUNA SERRANO, LLC pending in Orange County Superior Court Case No. 05SL01755, is false.

5

23.    An unsophisticated consumer sued by Defendant would be confused when all of the prior correspondence, as confirmed in the pleadings in the underlying Debt Collection Action, exclusively identify FROST MANAGEMENT as Plaintiff and Judgment Creditor who had retained Defendant; yet on August 24th, 2018 Defendant dispatches a demand letter listing LAGUNA SERRANO, LLC as Plaintiff and Judgment Creditor, with a properly corresponding Court File #, a different entity altogether.

24.    An unsophisticated consumer would thus be confused as to the identity of the creditor to which a debt is owed when confronted with a demand letter stating the name of Plaintiff/Judgment Creditor LAGUNA SERRANO, LLC, while the all of the prior correspondence, as confirmed in the pleadings in the underlying Debt Collection Action, identify FROST MANAGEMENT as Plaintiff and Judgment Creditor.

25.    An unsophisticated consumer would, as a result of Defendant false misrepresentation as to the identity of the creditor, pay the wrong entity and yet owe money to the creditor to whom the debt is owed, suffering financial damages.

26.    An unsophisticated consumer would believe some other lawsuit had been filed against her by Defendant wherein she owed money to LAGUNA SERRANO, LLC.

27.    An unsophisticated consumer in reading:

As you are aware from our previous correspondence, our client has forwarded this account to our office for collection.

would believe some other lawsuit had been filed against her by Defendant wherein she also owed money to LAGUNA SERRANO, LLC and Defendant had just been retained by LAGUNA SERRANO, LLC and was providing Plaintiff with the mandatory disclosures pursuant to 15 U.S.C. § 1692g.

28.    An unsophisticated consumer in reading:

This debt will be assumed to be valid by this office unless you notify us within 30 days of receipt of this letter that you dispute all or part of the debt. If you notify this office in writing within this same 30-day period, we will

send you verification of this debt. Upon written request within the thirty-
day period, we will provide you with the name and address of the original
creditor, if different from the current creditor.

would believe some other lawsuit had been filed against her by Defendant wherein she

also owed money to LAGUNA SERRANO, LLC and Defendant had just been retained

by LAGUNA SERRANO, LLC and was providing Plaintiff with the mandatory disclo-

sures pursuant to 15 U.S.C. § 1692g.

     30.    An unsophisticated consumer in reading:

          Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC

would be concerned the erroneous information is indicative of an attempted fraud.

     31.    An unsophisticated consumer in reading:

          Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC

would assume that because the letter seeks to collect a debt that evidently does not be-

long to her, the letter can be safely disregarded.

     32.    An unsophisticated consumer in reading:

          Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC

would be concerned if she responds to the letter by paying the amount demanded, she

will later receive another letter from a different debt collector attempting to collect the

same debt.

     33.    An unsophisticated consumer in reading:

          Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC

would engage in a fruitless attempt to investigate the facts of this non-existent debt, in a

responsible effort to determine how to most effectively respond to the collection notice.

<u>Defendant's Conduct Violates the FDCPA</u>

     38.    Plaintiff incorporates by reference the foregoing paragraphs.

     39.    Defendant's Demand Letter contains conflicting information as to

the identity of the plaintiff and judgment creditor, and thus the entity to which the alleged debt is owed.

40.    Section 1692e provides as follows:

§ 1692e. False or misleading representations
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
***
(2) The false representation of—
        (A) the character, amount, or legal status of any debt;
***
(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
***
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
***
(9)  The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval.
***
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
***
(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

## VI.    CLASS ACTION ALLEGATIONS

41.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

42.    Plaintiff brings this action on behalf of herself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.    Plaintiff defines **Class 1** as:

(i) all persons with addresses within the United States;

(ii) who were sent statements from Defendant in a form similar or identical to the August 24th, 2018 Demand Letter Defendant dispatched to Plaintiff which falsely identifies

Creditor to Whom the Debt is Owed: LAGUNA SERRANO, LLC

(iii) to recover a consumer debt;

(iv) and which were not returned undelivered by the United States Postal Service.

For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

44.    Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

45.    Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

46.    **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendant.

47.    **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members.

Common questions include, but are not limited to:

    a)    Whether Defendant's conduct violated the FDCPA;

    b)    Whether members of the Classes are entitled to the remedies under the FDCPA;

c)   Whether members of the Classes are entitled to injunctive relief;

d)   Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

e)   Whether Defendant can satisfy the bona fide error affirmative defense.

f)   Whether members of the Classes are entitled to declaratory relief;

48.   **Typicality**. Plaintiff's claims are typical of the claims of the class. She was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

49.   **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) her interests do not conflict with the interests of the individual Class members she seeks to represent; (b) she has retained counsel who is competent and experienced in complex class action litigation; and (c) she intends to prosecute this action vigorously. Plaintiff and its counsel will fairly and adequately protect the interests of the Class.

50.   **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendant's unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

51.   This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

52.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members.

## VII.   CLAIMS

### COUNT I: FAIR DEBT COLLECTION PRACTICES ACT

53.     Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

54.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

56.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

57.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

58.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

59.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## IIX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

• This action be certified as a class action on behalf of the Classes

as requested herein;

• Plaintiff be appointed as representative of the Classes;

• Plaintiff's counsel be appointed as counsel for the Classes;

• An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;

• An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• Any and all other relief that this Court deems just and proper.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

## DEMAND FOR JURY TRIAL

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 12th, 2019                    Law Office of Andrew P Rundquist

                                           By: /s/ Andrew P Rundquist
                                           Andrew P Rundquist, Esq.
                                           Attorney for Plaintiff